IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORP.** as Receiver for **R-G PREMIER BANK OF PUERTO RICO**,

    Plaintiff,

    v.

**DIGNO EMERITO ESTRADA-RIVERA,** et al.,

    Defendants.

Civil No. 10-1621(GAG)

## OPINION AND ORDER

Presently before the court is the Federal Deposit Insurance Corporation's motion to dismiss defendants' counterclaim for lack of subject-matter jurisdiction (Docket No. 22). Defendants opposed the motion (Docket No. 29). By leave of court, a reply brief was filed (Docket No. 32). After reviewing these submissions and the pertinent law, the court **GRANTS** the motion to dismiss at Docket No. 22.

### I. Legal Standard

Federal courts are courts of limited jurisdiction. Destek Grp. v. State of New Hampshire Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." CFSC Consortium, LLC v. Ferreras-Goitia, 198 F. Supp. 2d 116, 122 (D.P.R. 2002) (citing Bonas v. Town of N. Smithfield, 265 F.3d 69, 73 (1st Cir. 2001)). "[L]itigants cannot confer subject-matter jurisdiction, otherwise lacking, by 'indolence, oversight, acquiescence, or consent.'" Whitfield v. Municipality Of Fajardo, 564 F.3d 40, 44 (1st Cir. 2009) (quoting United States v. Horn, 29 F.3d 754, 767 (1st Cir. 1994)).

Because federal courts have limited jurisdiction, the court never presumes jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. (citing Aversa v. United States,

**Civil No. 10-1621 (GAG)**                                                    2

99 F.3d 1200, 1209 (1st Cir. 1996); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Federal Rule of Civil Procedure 12(b)(1) is '[t]he proper vehicle for challenging a court's subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Id. at 362-363.

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) is subject to a similar standard of review as a motion brought pursuant to Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportacion, 680 F. Supp. 2d 382, 384 (D.P.R. 2010) (citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363).

## II.   Factual and Procedural Background

The present case was filed in the Puerto Rico Court of First Instance on January 22, 2009, by R-G Premier Bank ("R-G") against Digno Emerito Estrada-Rivera, his wife Edith Delia Colon-Feliciano, the conjugal partnership composed by them, and Emerito Estrada Rivera–Isuzu de Puerto Rico, Inc. ("Defendants") (Docket No. 5-1). On April 13, 2009, Defendants filed a counterclaim in the Puerto Rico Court of First Instance (Docket No. 5-3). On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R-G and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver of the failed bank. Lozada v. F.D.I.C., 2011 WL 2199369 at *1 (D.P.R. Jun. 06, 2011).

This case was removed to the District Court of Puerto Rico on July 7, 2010. (See Docket No. 1.) On July 21, 2010, the FDIC sent a letter of notice informing Defendants of their right to file an administrative claim before the FDIC (Docket Nos. 22-1 and 22-2). It also indicated that such a claim had to be submitted on or before August 4, 2010. Defendants filed a proof of claim on August 4, 2010 (Docket No. 22-3). On October 20, 2010, the FDIC mailed Defendants a disallowance notice denying the claim (Docket No. 22-5).

On June 28, 2011, the FDIC filed a motion to dismiss Defendants' counterclaim for lack of

subject-matter jurisdiction arguing that Defendants did not exhaust the mandatory administrative process. (See Docket No. 22.) Defendants opposed the motion (Docket No. 29). By leave of the court, the FDIC filed a reply brief (Docket No. 32).

### III. Discussion

In its motion to dismiss, the FDIC contends that Defendants' counterclaim should be dismissed because they failed to comply with the mandatory procedural requirements of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989). The FDIC argues that Defendants are precluded from seeking relief from this court because they failed to act during the 60 days after the receipt of the FDIC's disallowance notice.

Defendants oppose dismissal arguing that the initial notice sent by the FDIC did not allow for the required period of time in which to file a proof of claim. Defendants also argue that their counterclaim was filed prior to the designation of the FDIC as receiver for R-G, and thus, they were entitled to continue the counterclaim filed prior to such designation.

### A. Sufficiency of Notice

The FIRREA establishes that the FDIC, as conservator or receiver, succeeds to "all the rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). "In order for the FDIC to evaluate and determine claims against a failed institution, efficiently and effectively, FIRREA established a mandatory administrative claim process, which shall be exhausted by every claimant." Lozada, 2011 WL 2199369 at *1.

In Puerto Rico, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico appoints the FDIC as receiver of a failed bank. Id. Once the FDIC has been appointed as receiver, in order to liquidate or conclude all pending claims, it must "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice." 12 U.S.C. § 1821(d)(3)(B)(I). The notice has to be republished approximately one and two months, respectively, after the first publication. 12 U.S.C. § 1821(d)(3)(B)(ii). The FDIC is also required to mail a similar notice at the time of the first

publication to any creditor shown on the failed institution's books, or within 30 days after the name and address of a claimant not appearing on the institution's books is discovered. 12 U.S.C. § 1821(d)(3)(C). "Failure to mail the notice, however, will not exempt the claimant from exhausting the administrative process." Lozada, 2011 WL 2199369 at *1. "The statute does not provide a waiver or exception if the notice is not mailed. Id. (citing Freeman v. FDIC, 56 F.3d 1394 (D.C. Cir. 1995); Accord v. FDIC, 45 F.3d 1278 (9th Cir. 1994); Melieze v. RTC, 952 F.2d 879 (5th Cir. 1992)). "As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied." Lozada, 2011 WL 2199369 at *3 (citing Reierson v. RTC, 16 F.3d 889 (8th Cir. 1994)). "Claimants must submit any administrative claims to the receiver by the date specified in the published notice, which [is referred] to as the bar date." F.D.I.C. v. Kane, 148 F.3d 36, 38 (1st Cir. 1998) (citing 12 U.S.C. § 1821(d)(3)(B)(I)). According to the First Circuit, the bar date must be at least 90 days after the publication of the notice and all claims filed after that are time-barred. Commonwealth Of Massachusetts v. F.D.I.C., 102 F.3d 615, 624 (1st Cir. 1996) (citations omitted).

In the present case, the FDIC was appointed receiver of R-G on April 30, 2010. It is not contested that the FDIC published notice at least 90 days before the bar date. On July 21, 2010, the FDIC sent Defendants written notice of the August 4, 2010 deadline to file any claim. Defendants filed a proof of claim on August 4, 2010. The FDIC disallowed Defendants' claim on grounds other than timeliness.[1] Thus, given Defendants' timely filing and the FDIC's recognition as such, the

---

[1] As reasons for disallowing Defendants' counterclaim, the FDIC states:

Claimants have not provided proof to support their claim. There is no direct privity between claimants and R-G Premier Bank for the claims alleged in the counterclaims.

In addition, the relief sought by the claimants is based upon alleged agreements which were not reduced to writing and which are not on the failed bank's books and records.

Pursuant to 12 U.S.C. § 1821(e), alleged agreements between a failed bank and a party that do not appear on the books and records of the bank are not enforceable

**Civil No. 10-1621 (GAG)**                5

court finds that Defendants' argument that they were not given sufficient time to file their claim is without merit.

### B.    Post-Disallowance Action

When acting as a receiver, the FDIC has authority under FIRREA to determine claims in accordance with the procedures established in 12 U.S.C. § 1821(d)(3)-(6). Reyes v. F.D.I.C., 2011 WL 2604762 at *2 (D.P.R. Jun. 30, 2011). The FDIC has 180 days to determine whether to allow or disallow a timely filed claim. Id. (citing 12 U.S.C. § 1821(d)(5)(A)(I)).

The determination of whether to allow or disallow a claim will be deemed satisfied once it is mailed to the last address of the claimant. 12 U.S.C. § 1821(d)(5)(A)(iii). If a claim is disallowed, the notice has to include a statement of each reason for the disallowance and the procedure available for obtaining an administrative or judicial review of the FDIC's determination. 12 U.S.C. § 1821(d)(5)(A)(iv).

When the FDIC disallows a claim, the claimant may file suit or continue an action which was commenced prior to the appointment of the receiver in accordance with 12 U.S.C. § 1821(d)(6). Reyes, 2011 WL 2604762 at *2. This statute provides that a claimant has to either request administrative review, file a new action in the appropriate federal court, or "continue" an action that started prior to the appointment of the FDIC as receiver within 60 days of receiving the notice of disallowance. 12 U.S.C. § 1821(d)(6)(A). "To 'continue' an action requires some affirmative act by the claimant." Reyes, 2011 WL 2604762 at *3 (citing Lakeshore Realty Nominee Trust v. FDIC, 1994 WL 262913 at *1-2 (D.N.H. May 25, 1994); First Union Nat'l Bank of Florida v. Royal Trust Tower, Ltd., 827 F. Supp. 1564, 1567-68 (S.D. Fla. 1993)).

If a claimant fails to exercise its rights before the end of the 60 day period, "the claim shall be deemed to be disallowed . . . such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B). This deprives the court of jurisdiction. Reyes, 2011 WL 2604762 at *3 (citing 12 U.S.C. § 1821(d)(13)(D)).

---

claims against the FDIC as Receiver.

(See Docket Nos. 22-5 and 22-6.)

**Civil No. 10-1621 (GAG)**                              6

Here, the FDIC disallowed Defendants' claim on October 20, 2010. The disallowance notice mailed to Defendants included the FDIC's reasons for its determination and warned of the consequences of not acting within 60 days. Based on this disallowance, Defendants had 60 days to either start a new action in the appropriate federal court or "continue" with the counterclaim that they filed prior to the FDIC appointment as receiver for R-G. 12 U.S.C.§ 1821(d)(6). The 60 day period expired on December 19, 2010. Defendants have not provided any information as to whether they timely filed a new action or moved to "continue" their counterclaim filed in state court. Also, the record shows no activity by Defendants until after the 60 day period had expired.[2] (See Docket No. 8.)

Given that Defendants failed to timely exhaust the mandatory claims process prescribed by 12 U.S.C. § 1821(d)(13)(D), the court finds that it lacks subject-matter jurisdiction to entertain Defendants' counterclaim. Accordingly, the court **GRANTS** the FDIC's motion to dismiss Defendants' counterclaim for lack of subject-matter jurisdiction and **DISMISSES** the same.

### IV.    Conclusion

For the reasons set forth above, the court **GRANTS** the FDIC's motion to dismiss at Docket No. 22.

**SO ORDERED**.

In San Juan, Puerto Rico this 10th day of August, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge

---

[2] A notice of appearance was filed by Defendants on January 24, 2011 (Docket No. 8).