IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORP. as Receiver for R-G PREMIER BANK OF PUERTO RICO,**

    Plaintiff,

    v.

**DIGNO EMERITO ESTRADA-RIVERA, et al.,**

    Defendants.

Civil No. 10-1621 (GAG)

## OPINION AND ORDER

Presently before the court is the Federal Deposit Insurance Corporation's motion for summary judgment (Docket No. 34). Defendants opposed the motion (Docket No. 42). After reviewing these submissions and the pertinent law, the court **GRANTS** the motion for summary judgment at Docket No. 34.

**I.     Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id.

The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The burden then shifts to the non-movant to establish the existence of at

**Civil No. 10-1621 (GAG)**                                        2

least one genuine and material fact in dispute. Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001) (citing Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted).

The non-moving party must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The non-movant "cannot rest upon mere allegation or denial of the pleadings." Fed. Deposit Ins. Corp. v. Municipality of Ponce, 904 F.2d 740, 742-43 (1st Cir. 1990) (citing FED.R.CIV.P. 56)). That is, "[t]o defeat a motion for summary judgment, evidence offered by the non-movant must be significantly probative of specific facts." Prescott v. Higgins, 538 F.3d 32, 40 (1st Cir. 2008) (citations omitted) (internal quotation marks omitted). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion." Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11, 15 (1st Cir. 2007) (citations omitted). Rather, "the nonmovant must present definite, competent evidence to rebut the motion." Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993) (citations omitted) (internal quotation marks omitted).

If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. Martinez-Rodriguez v. Guevara, 597 F.3d 413, 419 (1st Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.    Factual and Procedural Background**

Digno Emerito Estrada-Rivera ("Estrada") subscribed a loan agreement with R-G Premier Bank ("R-G"). (See Docket No. 34-3.) The loan agreement is dated October 26, 2007 and was signed by Estrada on January 29, 2008. (See id.) Through the loan agreement, R-G extended a line of credit in the amount of $700,000.00 to Estrada "in order to finance working capital related to his

**Civil No. 10-1621 (GAG)**                                    3

business." (See Docket No. 34-3 at 1.) The loan was secured with a promissory note (the "note") subscribed by Estrada before notary Oscar Gonzalez-Badillo. (See Docket No. 34-4.)

Pursuant to the note, Estrada agreed to pay, to the order of R-G, the principal sum of $700,000.00 ("principal sum") with interest, on the dates, in the manner, and at the rate provided in it. (See Docket No. 34-4 at 1.) The principal sum would be payable in a single payment *upon demand*. (See id.) The principal sum would accrue fluctuating monthly interest at the rate of interest prevailing from time to time at Citibank N.A. Base Rate in the city of New York, New York, United States of America ("Prime Rate"). (See Docket No. 34-4 at 2.) In the event of default, the unpaid balance on the principal sum would accrue at the Prime Rate, plus, an additional two percent (2%) ("Default Rate"). (See id.) Estrada also agreed to pay all costs, expenses, and disbursements, plus attorney's fees in a sum equal to ten percent (10%) of the principal sum in the event that a legal action be filed for the collection of the note. (See Docket No. 34-4 at 3.)

The present case was filed in the Puerto Rico Court of First Instance on January 22, 2009 by R-G against Estrada, his wife Edith Delia Colon-Feliciano, the conjugal partnership composed by them, and Emerito Estrada Rivera–Isuzu de Puerto Rico, Inc. ("EER-IPR") ("Defendants") (Docket No. 5-1). On April 13, 2009, Defendants filed a counterclaim in the Puerto Rico Court of First Instance (Docket No. 5-3). An amended complaint was filed on August 25, 2009 (Docket No. 5-4). The only cause of action in the amended complaint is for collection of monies. (See id.) On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R-G and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver of the failed bank. Lozada v. F.D.I.C., 2011 WL 2199369 at *1 (D.P.R. Jun. 06, 2011).

This case was removed to the District Court of Puerto Rico on July 7, 2010. (See Docket No. 1.) On June 28, 2011, FDIC filed a motion to dismiss Defendants' counterclaim arguing that Defendants did not exhaust the mandatory administrative process. (See Docket No. 22.) On August 8, 2011, FDIC filed a motion for partial summary judgment on the collections claim (Docket No. 34). The court granted FDIC's motion to dismiss on August 10, 2011 and dismissed Defendants' counterclaim for lack of subject-matter jurisdiction. (See Docket No. 35.) Defendants filed their opposition to summary judgment on September 19, 2011 (Docket Nos. 41 and 42). Because the

**Civil No. 10-1621 (GAG)**                4

collections claim is the only cause of action that remains pending in this case, the court will treat FDIC's motion for partial summary judgment as one for summary judgment.

### III. Discussion

In its motion for summary judgment, FDIC claims Defendants, having failed to comply with their obligations under the terms of the loan, owe the principal sum of $700,000.00 as of July 31, 2008, plus charges, attorney's fees, and interest that continues to accrue until the debt is paid in full. (See Docket No. 34-1 at 2.)

Defendants admit in their opposition: (1) Estrada subscribed a loan agreement for an unsecured line of credit with R-G; (2) the loan agreement extended a $700,000.00 line of credit to Estrada; (3) Estrada subscribed a promissory note before a notary public to guarantee the loan; (4) the principal sum would accrue at Prime Rate; (5) in the event of default, the unpaid balance of the principal sum would accrue at the Prime Rate, plus an additional 2%; (6) in the event of legal action for collection of debt, Estrada would pay $70,000.00 to cover all costs, expenses, and attorney's fees. (See Docket No. 41 at 2-3 ¶¶ 1-3, 5.)

The court notes that Defendants do not contest –or set forth specific facts showing there is genuine issue as to– the debt being liquid and payable as of July 31, 2008.[1] Defendants aver making payments beyond this date and reference bank statements as evidence. (See Docket No. 41 at 2-3 ¶ 4.) However, the court notes that all of the referenced checks –35166, 35336, 35550, 35762, 36012 and 36251– are dated prior to July 31, 2008.[2]

---

[1] According to FDIC's statement of uncontested material facts, the parties agreed that the principal sum of $700,000.00 would be payable in a single payment to become due July 31, 2008. (See Docket No. 34-2 at 2 ¶ 4.) Defendants deny this averment "as drafted" because it constitutes an interpretation of the note's terms and conditions, which are set forth in the note itself. (See Docket No. 41 at 2-3 ¶ 4.)

[2] Check number 35166 is dated November 28, 2007. (See Docket No. 41-2 at 1.) Check number 35336 is dated February 1, 2008. (See Docket No. 41-2 at 2.) Check numbers 35550 and 35762 are dated March 3, 2008 and March 31, 2008, respectively. (See Docket No. 41-2 at 3.) Check number 36012 is dated May 1, 2008. (See Docket No. 41-2 at 4.) Check No. 36251 is dated June 3, 2008. (See Docket No. 41-2 at 5.)

**Civil No. 10-1621 (GAG)**     5

Defendants contend that "even though a debt may be outstanding under the credit facility subject of the [c]omplaint of the captioned case, [R-G] breached certain agreements and obligations with the appearing co-defendants that caused their inability to repay." (See Docket No. 41 at 3-4 ¶ 8.) Particularly, they claim R-G's breach of contract in the financing of a sale between co-defendant EER-IPR and a third-party, Empresas Cerromonte ("Cerromonte"), precluded Defendants from fulfilling payment obligations for the credit line at issue in this action. (See Docket No. 42 at 3.) However, Defendants do not provide any evidence to support this contention. Defendants' record includes Estrada's unsworn declaration under penalty of perjury (Docket No. 41-1), bank statements (Docket No. 41-2), a commitment letter addressed to Mr. Jesus G. Castillo (Docket No. 41-4), a loan agreement between Cerromonte and R-G (Docket No. 41-5), various deeds for the sale of land tied to other promissory notes (Docket Nos. 41-6, 41-7, 41-8, 41-9), mortgage deeds (Docket Nos. 41-11, 41-12, 41-13), special irrevocable powers of attorney (Docket Nos. 41-14 and 41-15), copies of manager's checks from R-G (Docket No. 41-16), and a document in the Spanish language (Docket No. 41-3). Under Puerto Rico law, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. Defendants fail to argue how R-G's breach of its obligations under the financing contract relieves Defendants from their obligations under the note. The court found nothing in the record that made Defendants' payment under the note conditional upon R-G's compliance with its obligation under the financing agreement.

Furthermore, the loan agreement explicitly establishes "[a]ll indebtedness and liability of the Borrower to the Bank not payable on demand, shall, at the option of the Bank, become immediately due and payable" in the event of default. (See Docket No. 34-3 at 4.) Under the applicable terms and conditions, the loan is in default if the debtor fails to make payment of interest when due. (See Docket No. 34-3 at 4.) Interest payments were due monthly. (See Docket No. 34-3 at 1.) As evidenced by Defendants' own bank statements submitted into the record, Defendants have not made any payment since before July 31, 2008. Pursuant to the note, if the debtor defaults, the entire unpaid loan, including interest due, becomes due and payable. (See id.)

There is no question that the written loan agreement was a valid loan contract. As

**Civil No. 10-1621 (GAG)**                6

established by the uncontested facts and the admissions made by Defendants in their opposition, Estrada subscribed a promissory note to guarantee a credit line issued by R-G, and subsequently defaulted on payment obligations.  Since Defendants have breached their contractual obligations, and have not properly controverted FDIC's allegations, the court finds summary judgment is warranted in favor of FDIC.  See Puerto Rico Farm Credit, ACA v. Ruiz-Valentin, 2011 WL 2293220 at *6 (D.P.R. Jun.08, 2011).  Pursuant to Charles B. Williamson, a Resolutions and Receiverships Specialist for FDIC, as of August 8, 2011, Defendants owe the principal sum of $700,000.00, $66,209.30 in interest, plus $70,000.00 in costs and attorney's fees.  (See Docket No. 34-7.)  From the uncontested facts, and the note evidencing the obligation, together with the statement under penalty of perjury attesting to the amounts, the court finds that Defendants owe FDIC in accordance with the request for summary disposition.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** FDIC's motion for summary judgment at Docket No. 34.

**SO ORDERED**.

In San Juan, Puerto Rico this 17th day of October, 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge